IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:19-CV-00027-KDB-DCK

| | |
|---|---|
| BRIAN RICHARD HARWELL,<br><br>Plaintiff,<br><br>v.<br><br>DARREN EUGENE CAMPBELL,<br>personally and in his official capacity as<br>Iredell County Sheriff,<br>DERRICK HILMAN STUTTS,<br>personally and in his official capacity as<br>Iredell County Officer,<br>MATTHEW BRADEN TALBERT,<br>personally and in his official capacity as<br>Iredell County Officer,<br>DANIEL SHANE STIKELEATHER,<br>personally and in his official capacity as<br>Iredell County Officer,<br>MIKAWATO REED RED ARROW,<br>personally and in his official capacity as<br>Assistant District Attorney,<br>IREDELL COUNTY, and<br>TRAVELERS CASUALTY AND<br>SURETY COMPANY OF AMERICA,<br><br>Defendants. | **ORDER** |

**THIS MATTER** is before the Court on the Motion to Dismiss Filed on Behalf of Defendant Red Arrow. (Doc. No. 11). Defendant Mikawato Reed Red Arrow ("Red Arrow") seeks dismissal on the grounds that the Court lacks subject matter jurisdiction and Plaintiff's Complaint has failed to state a claim upon which relief can be granted. The Court has carefully considered the motion, the parties' supporting memoranda, and Plaintiff's Complaint. Because the Court finds that the Eleventh Amendment bars Plaintiff's claim for monetary damages against Red Arrow in his

1

official capacity and that Plaintiff has failed to state a claim upon which relief can be granted, the Court will **GRANT** the motion.

## I. RELEVANT BACKGROUND

For purposes of this motion, the Court accepts as true all well-pled facts and draws all reasonable inferences in Plaintiff's favor. Plaintiff, Brian Richard Harwell (Plaintiff), is an attorney licensed to practice in the State of North Carolina and he represents himself in this action. (Doc. No. 1: Compl., at ¶ 15). In late January 2017, Plaintiff allowed a man named Stephen Styron to stay in an apartment adjacent to his residence in Mooresville to help Styron "turn his life around" and stay away from drugs. *Id.* at ¶¶ 23-25. Styron stayed in the home for well over a year and, during that time, Plaintiff became dependent on Styron to help him with his various medical conditions and chores around the house. *Id.* at ¶¶ 23, 143. Plaintiff gave Styron a code to the back door of his residence to come and go as needed. *Id.* at ¶ 143. Styron left Plaintiff's residence in September 2018. *Id.* at ¶ 143. After Styron left, Plaintiff asked Rob Newton, a man Styron refers to as his father, to help him from time to time. *Id.* at ¶ 144. Newton, like Styron, was given a key code that allowed him to enter Plaintiff's house at any time. *Id.* at ¶ 147.

Around 4:30 p.m. on January 25, 2019, Plaintiff arrived home from work. *Id.* at ¶ 149. He went to his "lower shop" to change clothes and take his medicine. *Id.* To Plaintiff's surprise, Newton was already inside. *Id.* at ¶ 150. Newton and Plaintiff then proceeded to Plaintiff's main residence. *Id.* at ¶ 152-53. A few minutes later, Plaintiff's doorbell rang and there was a knock at the door. *Id.* at ¶ 154. Plaintiff opened the door to find Defendant Stikeleather, an Iredell County Deputy Sheriff, and another unnamed Iredell County Deputy Sheriff. *Id.* at ¶ 155. The deputies told Plaintiff they needed to search his residence for Styron. *Id.* This was not the first time deputies had

come to Plaintiff's house looking for Styron. Plaintiff claims they had been to his residence "about a dozen times over the past several months looking for Styron." *Id.* at ¶ 156.

Stikeleather asked Plaintiff if he had seen Styron recently, to which Plaintiff responded that he had not seen him in a while. *Id.* at ¶ 157. After some time, Plaintiff consented to a search by the deputies. *Id.* at ¶ 159. During the search, the deputies located Styron in a closet inside Plaintiff's residence and placed Styron under arrest. *Id.* at ¶ 165. Plaintiff claims that he was unaware of Styron's presence in his home and that Newton had let Styron inside without his knowledge. *Id.* at ¶¶ 160, 166. The deputies walked out of Plaintiff's residence to place Styron in their vehicle while Plaintiff remained inside. *Id.* at ¶ 166. Plaintiff asserts that, once outside, an unknown deputy spoke with Red Arrow, an Assistant District Attorney for North Carolina's 32nd Prosecutorial District in Iredell County, via telephone and told him they had arrested Styron and asked what to do with Plaintiff. *Id.* at ¶¶ 167-69. Plaintiff claims Red Arrow told the deputies to arrest him. *Id.* at ¶ 169.

After the instruction from Red Arrow, Deputy Stikeleather returned to Plaintiff's residence and knocked on the door. *Id.* at ¶ 171. Plaintiff answered the door and Deputy Stikeleather asked him to step outside to talk, but Plaintiff declined, told him to leave, and shut the door. *Id.* at ¶ 172. Deputy Stikeleather then knocked on his door a second time. *Id.* at ¶¶ 175-76. When Plaintiff opened the door, Deputy Stikeleather placed his foot across the threshold to prevent Plaintiff from closing the door. *Id.* Deputy Stikeleather then "violently grab[bed]" Plaintiff who was "5-6 feet from the threshold" and arrested him. *Id.* at ¶ 177. As Plaintiff is taken to a deputy's car, Plaintiff allegedly hears other deputy sheriffs talking about Red Arrow's instruction to arrest him. *Id.* at ¶ 180. A second call is made to Red Arrow reporting that Plaintiff had been arrested. *Id.* Later, Red Arrow presented an indictment to the Iredell County grand jury on charges involving Plaintiff's arrest and the grand jury returned a true bill of indictment. *Id.* at ¶ 183.

Plaintiff filed this § 1983 action on March 14, 2019. He brings claims against Red Arrow, in his individual and official capacities, for alleged violations of his rights arising under the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiff asserts one cause of action against Red Arrow, styled as the "Seventh Claim for Relief," alleging that Red Arrow, via the actions of Defendant Stikeleather, violated his right to be free from unconstitutional searches and seizures, committed first degree trespass, and committed felony assault on a disabled person. *Id.* at ¶¶ 140-90. Plaintiff seeks monetary and declaratory relief against Red Arrow. *Id.* at ¶ 4; *see also id.*, at 42 (Prayer for Relief).[1]

## II. LEGAL STANDARD

### A. Subject Matter Jurisdiction

Under Rule 12(b)(1), a party may seek dismissal based on the court's "lack of subject matter jurisdiction." Fed. R. Civ. P. 12(b)(1). The United States Courts are courts of specifically limited jurisdiction and may exercise only that jurisdiction which Congress has prescribed. *Chris v. Tenet*, 221 F.3d 648, 655 (4th Cir. 2000) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Therefore, whether the Court has jurisdiction over the subject matter of a case must be considered before addressing its merits. *Jones v. Am. Postal Workers Union*, 192 F.3d 417, 422 (4th Cir. 1999). The plaintiff bears the burden of proving that subject matter jurisdiction exists. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

---

[1] While it is clear from the complaint that Plaintiff seeks monetary damages, it is unclear that he seeks declaratory relief. Plaintiff states that he "seeks any and all relief available." (Doc. No. 1, ¶ 190). Red Arrow concedes that Plaintiff is seeking declaratory relief and monetary damages. Plaintiff does not ask for any injunctive relief for his claims against Red Arrow.

## B. Failure to State a Claim

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. *See* Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp.*, 550 U.S. at 570; *Coleman v. Maryland Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010), *aff'd sub nom. Coleman v. Court of Appeals of Maryland,* 566 U.S. 30 (2012). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). Construing the facts in this manner, a complaint must only contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (internal quotations omitted). Thus, a motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of North Carolina v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).

### III. DISCUSSION

Red Arrow contends that Plaintiff's Complaint against him should be dismissed on multiple grounds. First, Red Arrow argues that this Court lacks subject matter jurisdiction according to the

Eleventh Amendment and the *Younger* Abstention Doctrine. Second, Red Arrow asserts Plaintiff has failed to state a claim upon which relief can be granted. The Court will address each argument in turn.

**A. Subject Matter Jurisdiction**

   *1. Eleventh Amendment*

Red Arrow argues that a suit against him for monetary relief in his official capacity is barred by the Eleventh Amendment. The Court agrees. The Eleventh Amendment to the Constitution provides that the "Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Supreme Court has consistently held that "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974); *Missouri v. Fiske*, 290 U.S. 18, 28 (1933); *Hans v. Louisiana*, 134 U.S. 1, 15 (1890). A suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989); *see also Nivens v. Gilchrist*, 444 F.3d 237, 249 (4th Cir. 2006) (noting that a claim for monetary damages against a state official in his official capacity is, in effect, "against the governmental entity" that employs the official). "In determining whether [the defendant] is entitled to Eleventh Amendment immunity, we 'must first establish whether [North Carolina's] treasury will be affected by the law suit. If the answer is yes, [the defendant] is immune under the Eleventh Amendment." *Nivens,* 444 F.3d at 249 (quoting *Harter v. Vernon*, 101 F.3d 334, 340 (4th Cir. 1996) (second alteration in original).

The Fourth Circuit held in *Nivens v. Gilchrist*, 444 F.3d 237 (4th Cir. 2006), that a district attorney sued in his official capacity is immune from suit under the Eleventh Amendment. In establishing whether North Carolina's treasury would be affected by the lawsuit, the Fourth Circuit stated:

> The answer to this question here is clear. The North Carolina Constitution provides for creation of prosecutorial districts and notes that the district attorney shall "be responsible for the prosecution on behalf of the State of all criminal actions." N.C. Const. art. IV, § 18. The district attorney prosecutes "in the name of the State all criminal actions and infractions requiring prosecution" and is undoubtedly a state official. N.C. Gen. Stat. Ann. § 7A–61 (Lexis–Nexis 2003). Most important, North Carolina must pay "a final judgment awarded in a court of competent jurisdiction against a State employee." N.C. Gen. Stat. Ann. § 143–300.6 (Lexis–Nexis 2003). Thus, North Carolina's treasury would be affected by the official capacity suit against Gilchrist and he is accordingly immune in his official capacity from suit under the Eleventh Amendment. *See Lynn,* 134 F.3d at 587 (applying Eleventh Amendment and barring suit against North Carolina state officials in drug tax case). We therefore affirm the dismissal of Appellants' suit against Gilchrist in his official capacity. *See Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.,* 506 U.S. 139, 144, 113 S. Ct. 684, 121 L.Ed.2d 605 (1993) (noting that the Eleventh Amendment's "withdrawal of jurisdiction effectively confers an immunity from suit").

*Id.* at 249. Like district attorneys, assistant district attorneys are also immune in their official capacities from suit under the Eleventh Amendment. *See, e.g.*, *Uresti v. Murray*, No. 3:11-cv-538-RJC, 2012 WL 80235, at *3 (W.D.N.C. 2012); *Mahmood v. Driggers*, No. 3:10-cv-409-RJC, 2011 WL 5974404, at *2 (2011); *McRavion v. Cline*, No. 5:18-cv-56-FDW, 2019 WL 3821820, at *7. Accordingly, Plaintiff's claim for monetary relief against Red Arrow in his official capacity is barred by the Eleventh Amendment and is dismissed with prejudice.[2]

---

[2] The Court further notes that neither States nor state officials acting in their official capacities are "persons" within the meaning of 42 U.S.C. § 1983. Thus, even if the Eleventh Amendment does not bar Plaintiff's claim for monetary relief against Red Arrow in his official capacity, he has failed to state a claim upon which relief can be granted against Red Arrow in his official capacity. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989).

## 2. Younger *Abstention Doctrine*

Red Arrow also contends that the Court should refrain from exercising jurisdiction over any claims that relate to allegations in Plaintiff's pending state criminal proceedings or appeal. (Doc. No. 12, at 8-9). Federal courts generally should not interfere with a state's pending criminal court proceedings, absent extraordinary circumstances. *Younger v. Harris*, 401 U.S. 37, 44 (1971). *Younger* abstention, however, does not govern claims for damages because such relief is not available in state criminal proceedings. *Mateen-El v. Bell*, 747 Fed. Appx. 169 (4th Cir. Jan. 8, 2019) (mem) (per curiam) (unpublished).

Plaintiff has not requested that the Court enjoin his state criminal proceedings, and it is unclear from Red Arrow's brief the nature of the criminal proceeding and how a ruling from this Court on Red Arrow's motion to dismiss would affect that proceeding. Plaintiff can still raise the defense of an unconstitutional arrest separate from Red Arrow's alleged actions. The Court finds there are grounds other than abstention that warrant dismissal of Plaintiff's remaining claims against Red Arrow.

**B. Failure to State a Claim**

Red Arrow argues that Plaintiff has failed to state a claim under 42 U.S.C. § 1983. The Court agrees. Plaintiff asserts that Red Arrow allegedly committed first degree trespass and felony assault on a disabled person, which are imputed upon him as a result of Defendant Stikeleather's actions. First degree trespass and felony assault on a disabled person are both state criminal actions over which this Court has no jurisdiction.

Moreover, as to Plaintiff's constitutional claims, he has failed to allege a constitutional violation. There is no indication that Red Arrow told the deputies to violate Plaintiff's constitutional rights or commit any violations of the law; he simply told the officer to arrest

Plaintiff and nothing further. (Doc. No. 1, at ¶¶ 169, 180). Plaintiff alleges that Red Arrow "has a duty to determine" whether Plaintiff was inside at the time he told the deputies to arrest him, but Plaintiff cites to no authority that supports such a duty. (Doc. No. 1, at ¶ 170). Nor can Plaintiff plausibly allege that Red Arrow is liable for Defendant Stikeleather's actions through supervisory authority. Red Arrow is not a supervisor to Defendant Stikeleather and therefore supervisory liability is not applicable. Even if it was, Plaintiff has not alleged that Red Arrow had any actual or constructive knowledge of the actions taken by the officers causing the alleged constitutional violation, that his response was "so inadequate as to show 'deliberate indifference to or tacit authorization of the alleged offensive practices,'" or that "there was an 'affirmative causal link' between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff." *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994) (listing the elements to establish a claim for supervisory liability pursuant to 42 U.S.C. § 1983). Accordingly, Plaintiff's remaining claims against Red Arrow in his individual and official capacities are dismissed.

## IV.   CONCLUSION

**IT IS THEREFORE ORDERED THAT** Defendant Mikawato Reed Red Arrow's Motion to Dismiss (Doc. No. 11) is **GRANTED.** Plaintiff's claims brought against Defendant Red Arrow are **DISMISSED WITH PREJUDICE.** The Clerk is instructed to terminate Mikawato Reed Red Arrow as a defendant in this action.

Signed: February 6, 2020

Kenneth D. Bell
United States District Judge