IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:19-CV-00027-KDB-DCK

| | |
|---|---|
| **BRIAN RICHARD HARWELL,** | |
| **Plaintiff,** | |
| v. | **ORDER** |
| **DARREN EUGENE CAMPBELL,** personally and in his official capacity as Iredell County Sheriff, **DERRICK HILMAN STUTTS,** personally and in his official capacity as Iredell County Officer, **MATTHEW BRADEN TALBERT,** personally and in his official capacity as Iredell County Officer, **DANIEL SHANE STIKELEATHER,** personally and in his official capacity as Iredell County Officer, **IREDELL COUNTY,** and **TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA,** | |
| **Defendants.** | |

**THIS MATTER** is before the Court on the Unopposed Motion to Stay Proceedings filed by Defendants Darren Eugene Campbell, Derrick Hilman Stutts, Matthew Braden Talbert, Iredell County, and Travelers Casualty and Surety Company of America. (Doc. No. 18) ("Motion"). After carefully considering the Motion, supporting memorandum, and Plaintiff's Complaint, the Court will **GRANT** Defendants' Motion.

I. RELEVANT BACKGROUND

As Plaintiff alleges in his Complaint, he was arrested on July 26, 2018 (Doc. No. 1: Complaint, ¶ 21) and again on January 25, 2019 (Doc. No. 1, ¶ 177). Plaintiff was charged with

1

felony possession of methamphetamine and misdemeanor possession of drug paraphernalia after his arrest on July 26, 2018. (Doc. No. 19-2: Magistrate's Order). Subsequent to his arrest on January 25, 2019, Plaintiff was charged with a misdemeanor count of resisting a public officer, a misdemeanor count of harboring a fugitive, and a felony count of common law obstruction of justice. (Doc. No. 19-3: Magistrate's Order). These charges remain pending in state court and are scheduled for March 2, 2020. (Doc. No. 19-4: Superior Court Calendar).

Plaintiff filed his Complaint in federal court on March 14, 2019 asserting several claims under 42 U.S.C. § 1983, including various Fourth and Fourteenth Amendment claims. The majority of Plaintiff's claims arise out of his arrests on July 26, 2018 and January 25, 2019, the related searches, and his treatment while at the Iredell County jail. He seeks declaratory, monetary, and injunctive relief.

## II. DISCUSSION

Federal courts generally should not interfere with a state's pending criminal court proceedings, absent extraordinary circumstances. *Younger v. Harris*, 401 U.S. 37, 44 (1971). The Fourth Circuit has found abstention under *Younger* appropriate if the following three-pronged test has been met: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Maryland Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994). Further, the Fourth Circuit has held that when a federal court is asked to determine issues pending before a state court, *Younger* does not invariably require dismissal of a Section 1983 action for damages; rather, a stay of the federal proceeding is appropriate. *Traverso v. Penn*, 874 F.2d 209, 213 (4th Cir. 1989); *see also Mateen-El v. Bell*, 747 Fed. Appx. 169 (4th Cir. Jan. 8, 2019) (mem) (per curiam) (unpublished) (stating that dismissal under *Younger* is not

appropriate in claims for damages because such relief is not available in state criminal proceedings).

The Court finds the three-pronged test under *Younger* has been met. First, Defendants have shown that there are ongoing state judicial proceedings. Second, the state has an interest "in administering their criminal justice systems free from federal interference." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986). Third, Plaintiff has an opportunity to raise many of his federal claims in the state court case. Plaintiff's claims for violations of his constitutional rights are inextricably intertwined with the facts underlying the pending criminal charges in state court. To determine whether Plaintiff is entitled to money damages or other relief, the factfinder must make factual determinations regarding whether Defendants' actions were warranted and constitutional, including whether searches surrounding Plaintiff's arrest were valid. Moreover, Defendants' indicate in their Motion that Plaintiff expressed that he does not oppose a stay of his federal claims. Accordingly, the Court finds that staying the present federal action is appropriate and will avoid interference with the ongoing state court proceedings, prevent duplication of judicial resources, and provide this Court and the parties with the benefit of the state court's determination.

### III.     ORDER

**IT IS THEREFORE ORDERED** that Defendants' Unopposed Motion to Stay Proceedings, (Doc. No. 18), is **GRANTED.** This case will be stayed pending the resolution of the state criminal case.

**IT IS FURTHER ORDERED** that counsel inform the Court of a resolution of the state criminal case within two weeks of its resolution, and a status of the state criminal case every three months if the state criminal case is not resolved.

**SO ORDERED.**

Signed: February 18, 2020

Kenneth D. Bell
United States District Judge